IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

LILLIAN A. BRITT,

    Plaintiff,

v.

PUBLIX SUPER MARKETS,
INC.; JOHN DOE(S) 1-3; and
ABC CORPORATION,

    Defendants.
_____/

CASE NO.

## NOTICE OF REMOVAL

COMES NOW Defendant Publix Super Markets, Inc. (hereinafter "Publix"), by and through undersigned counsel, and files this Notice of Removal of Case Number 24EV006895 from the State Court of Fulton County, Georgia, to the United States District Court for the Northern District of Georgia, Atlanta Division, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Publix shows this Court as follows:

## INTRODUCTION

1. Plaintiff Lillian Britt ("Plaintiff") commenced this action on August 6, 2024 by filing a Complaint in the State Court of Fulton County, Georgia, styled "Lillian Britt v. Publix Super Markets, Inc. John Doe(s) 1-3; and ABC Corporation," Case No. 24EV006895. Plaintiff alleges injuries resulting from a slip-and-fall in a Publix store in Atlanta, Fulton County, Georgia.

2. The Summons and Complaint in that action were first received by Publix through its registered agent on August 14, 2024. Pursuant to 28 U.S.C. §1446(a), attached hereto are copies of the following pleadings and other filings within the action initially filed in the State Court of Fulton County, Georgia.

>Exhibit A.   Summons and Complaint;
>
>Exhibit B.   Answer of Defendant Publix;
>
>Exhibit C.   Defendant's Requests for Admission to Plaintiff, Defendant's First Requests for Production to Plaintiff, Defendant's First Interrogatories, and Defendant's Rule 5.2 Certificate of Service regarding the same;
>
>Exhibit D.   Plaintiff's Response to Defendant's Requests for Admission.

## REMOVAL UNDER 28 U.S.C. § 1332(a): COMPLETE DIVERSITY OF CITIZENSHIP

3. Plaintiff is and was at the time of filing an adult individual as well as a citizen of the State of Georgia.

4. Publix is and was at the time of filing a business corporation organized under the laws of the State of Florida, having its principal place of business at 3300 Publix Corporate Parkway, Lakeland, FL 33801.  Publix is a citizen of Florida.

5. Complete diversity of citizenship exists between the parties, and removal is proper pursuant to 28 U.S.C. §§ 1332(a)(1) and 1441.

## **REMOVAL UNDER § 1332(a): AMOUNT IN CONTROVERSY**

6. The amount in controversy is measured "on the date on which the court's diversity jurisdiction is first invoked, in this case on the date of removal." *The Burt Co. v. Clarendon Nat. Ins. Co.*, 385 F. App'x 892, 894 (11th Cir. 2010). Although Publix is not required "to prove the amount in controversy beyond all doubt or to banish all uncertainty about it," *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010), Publix must show by a preponderance of the evidence that Plaintiff's claim meets the threshold jurisdictional amount in excess of $75,000.00. *See Wineberger v. RaceTrac Petroleum, Inc.*, 672 F. App'x 914, 916–17 (11th Cir. 2016).

7. The case stated by the initial pleading was not removable because Plaintiff's Complaint does not provide a dollar amount of damages claimed. *See generally* Exhibit A. Pursuant to 28 U.S.C. § 1446(b)(3), Publix files this Notice of Removal "within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." Additionally, pursuant to 28 U.S.C. § 1446(c)(3)(A), "information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an 'other paper' under subsection (b)(3)." *Accord Jackson v. Wal-Mart*

*Stores E., LP*, No. 4:20-CV-56 (CDL), 2020 WL 3960391, at *3 (M.D. Ga. July 13, 2020).

8.   On September 9, 2024, Publix served on Plaintiff "Defendant's Requests for Admission to Plaintiff." Exhibit C. Under Georgia law, Plaintiff had thirty (30) days to respond, otherwise these requests were admitted. O.C.G.A. § 9-11-36(a)(2). Plaintiff responded on October 9, 2024, and admitted "[t]hat [she] is claiming more than $150,000 in damages in this case." Exhibit D at ¶ 3. Plaintiff's admissions "unambiguously establish federal jurisdiction" for the purposes of removal under 28 U.S.C. §§ 1446(b) and (c). *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007); *see Middlebrooks v. Johnson & Johnson Co.*, No. 4:08-CV-54 (CDL), 2008 WL 4003926, at *3 (M.D. Ga. Aug. 26, 2008) (a plaintiff's admission in a state court hearing that she was seeking damages in excess of $75,000 provided an "unambiguous statement regarding the value of her claim" for the purposes of determining the amount in controversy required for removal to federal court).

9.   Publix has shown by a preponderance of the evidence that the amount in controversy exceeds $75,000, *see Wineberger*, 672 F. App'x at 916–17, and removal is proper pursuant to 28 U.S.C. § 1332(a).

## ALL OTHER REQUIREMENTS FOR REMOVAL HAVE BEEN MET

10.  This Notice of Removal is being timely filed pursuant to 28 U.S.C. §§1446(b)(3) and 1446(c)(3)(A). This Notice of Removal is being filed within 30

days of October 9, 2024, when Publix first received information from which it ascertained that the case was removable.

11.     Pursuant to 28 U.S.C. §1441(a) and N.D. Ga. L.R. App. A, I, the United States District Court for the Northern District of Georgia, Atlanta Division is the appropriate court for filing this Notice of Removal from the State Court of Fulton County, Georgia, where the state court action was filed.

12.     This Notice of Removal will be served promptly on Plaintiff and filed promptly with the State Court of Fulton County, Georgia, pursuant to 28 U.S.C. § 1446(d).

WHEREFORE Publix respectfully requests that this case be removed from the State Court of Hall County, Georgia, and that this case proceed in the United States District Court for the Northern District of Georgia, Gainesville Division.

Respectfully submitted this 7th day of November, 2024.

*/s/ Joseph P. Menello*
Joseph P. Menello, Esquire
Georgia Bar No. 752378
Madeline C. Blanchard
Georgia Bar No. 126419
*Attorneys for Defendant Publix*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (470) 466-1320
(fax) (404) 467-1771
jmenello@wickersmith.com
mblanchard@wickersmith.com
AtlCrtPleadings@wickersmith.com

## **CERTIFICATE OF COMPLIANCE**

We hereby certify that the foregoing has been prepared in compliance with Local Rule 5.1(B) in 14-point Times New Roman typeface.

Dated this 7th day of November, 2024.

                                                    */s/ Joseph P. Menello*
                                                  Joseph P. Menello, Esquire
                                                  Georgia Bar No. 752378
                                                  Madeline C. Blanchard
                                                  Georgia Bar No. 126419
                                                  *Attorneys for Defendant Publix*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (470) 466-1320
(fax) (404) 467-1771
jmenello@wickersmith.com
mblanchard@wickersmith.com
AtlCrtPleadings@wickersmith.com

## **CERTIFICATE OF SERVICE**

This is to certify that we have this day served counsel for the opposing parties with a copy of the foregoing by filing same with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

Dated this 7th day of November, 2024.

>
> */s/ Joseph P. Menello*
> Joseph P. Menello, Esquire
> Georgia Bar No. 752378
> Madeline C. Blanchard
> Georgia Bar No. 126419
> *Attorneys for Defendant Publix*

**WICKER SMITH O'HARA MCCOY & FORD, P.A.**
3414 Peachtree Road NE, Suite 960
Atlanta, Georgia 30326
(tel) (470) 466-1320
(fax) (404) 467-1771
jmenello@wickersmith.com
mblanchard@wickersmith.com
AtlCrtPleadings@wickersmith.com