EXHIBIT A

CORPORATE CREATIONS®
Registered Agent • Director • Incorporation

**Corporate Creations Network Inc.**
801 US Highway 1 North Palm Beach, FL 33408

Publix Super Markets, Inc.
Merriann Metz General Counsel & Secretary
Publix Super Markets Inc.
3300 Publix Corporate Parkway
Lakeland FL 33811

August 14, 2024

# SERVICE OF PROCESS NOTICE

Item: 2024-9918

The following is a courtesy summary of the enclosed document(s). **ALL information should be verified by you.**

Note: Any questions regarding the substance of the matter described below, including the status or how to respond, should be directed to the contact set forth in line 12 below or to the court or government agency where the matter is being heard. IMPORTANT: All changes or updates to the SOP contact individuals or their contact information must be submitted in writing to SOPcontact@corpcreations.com. Any changes will become effective upon written confirmation of Corporate Creations.

| | | |
|---|---|---|
| 1. | **Entity Served:** | Publix Super Markets, Inc. |
| 2. | **Title of Action:** | Lillian A. Britt vs. Publix Super Markets, Inc. et al. |
| 3. | **Document(s) Served:** | Summons<br>Complaint for Damages<br>General Civil and Domestic Relations Case Filing Information Form<br>Plaintiff's First Interrogatories To Defendant |
| 4. | **Court/Agency:** | Fulton County State Court |
| 5. | **State Served:** | Georgia |
| 6. | **Case Number:** | 24EV006895 |
| 7. | **Case Type:** | Negligence/Injuries |
| 8. | **Method of Service:** | Hand Delivered |
| 9. | **Date Received:** | Tuesday 08/13/2024 |
| 10. | **Date to Client:** | Wednesday 08/14/2024 |
| 11. | **# Days When Answer Due:**<br>**Answer Due Date:** | 30<br>Thursday 09/12/2024<br>CAUTION: Client is solely responsible for verifying the accuracy of the estimated Answer Due Date. To avoid missing a crucial deadline, we recommend immediately confirming in writing with opposing counsel that the date of the service in their records matches the Date Received. |
| 12. | **Sop Sender:**<br>**(Name, City, State, and Phone Number)** | Joseph H. Roesch<br>Savannah, GA<br>912-200-7066 |
| 13. | **Shipped To Client By:** | Regular Mail and Email with PDF Link |
| 14. | **Tracking Number:** | |
| 15. | **Handled By:** | 111 |
| 16. | **Notes:** | Also Attached:<br>* Certificate Of Service<br>* Plaintiff's First Request For Production Of Documents To Defendant |

NOTE: This notice and the information above is provided for general informational purposes only and should not be considered a legal opinion. The client and their legal counsel are solely responsible for reviewing the service of process and verifying the accuracy of all information. At Corporate Creations, we take pride in developing systems that effectively manage risk so our clients feel comfortable with the reliability of our service. We always deliver service of process so our clients avoid the risk of a default judgment. As registered agent, our role is to receive and forward service of process. To decrease risk for our clients, it is not our role to determine the merits of whether service of process is valid and effective. It is the role of legal counsel to assess whether service of process is invalid or defective. Registered agent services are provided by Corporate Creations Network Inc.

State Court of Fulton County
**E-FILED**
24EV006895
8/6/2024 3:35 PM
Donald Talley, Clerk
Civil Division

GEORGIA, FULTON COUNTY

DO NOT WRITE IN THIS SPACE

**STATE COURT OF FULTON COUNTY**
**Civil Division**

**CIVIL ACTION FILE #:** ____________________

LILLIAN A. BRITT

Plaintiff's Name, Address, City, State, Zip Code

vs.

PUBLIX SUPER MARKETS, INC.,
2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066
JOHN DOE(S) 1-3; and ABC CORPORATION

Defendant's Name, Address, City, State, Zip Code

| TYPE OF SUIT | AMOUNT OF SUIT |
|---|---|
| [ ] ACCOUNT | PRINCIPAL $________ |
| [ ] CONTRACT | |
| [ ] NOTE | INTEREST $________ |
| [ ] TORT | |
| [ ] PERSONAL INJURY | ATTY. FEES $________ |
| [ ] FOREIGN JUDGMENT | |
| [ ] TROVER | COURT COST $________ |
| [ ] SPECIAL LIEN | |
| ************ | |
| [ ] NEW FILING | |
| [ ] RE-FILING: PREVIOUS CASE NO. ________ | |

## SUMMONS

TO THE ABOVE NAMED-DEFENDANT:

You are hereby required to file with the Clerk of said court and to serve a copy on the Plaintiff's Attorney, or on Plaintiff if no Attorney, to-wit:

Name: JOSEPH H. ROESCH

Address: 1917 BULL STREET

City, State, Zip Code: SAVANNAH, GA 31401 Phone No.: (912) 200-7066

An answer to this complaint, which is herewith served upon you, must be filed within thirty (30) days after service, not counting the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint, plus cost of this action. **DEFENSES MAY BE MADE & JURY TRIAL DEMANDED**, via electronic filing or, if desired, at the e-filing public access terminal in the Self-Help Center at 185 Central Ave., S.W., Ground Floor, Room TG300, Atlanta, GA 30303.

Donald Talley, Chief Clerk (electronic signature)

***SERVICE INFORMATION:***

Served, this ______ day of ________________, 20_____.

______________________________
DEPUTY MARSHAL, STATE COURT OF FULTON COUNTY

WRITE VERDICT HERE:

We, the jury, find for ______________________________________________

_____________________________________________________________

This ________ day of ____________________, 20____. ______________________________ Foreperson

**(STAPLE TO FRONT OF COMPLAINT)**

State Court of Fulton County
**E-FILED**
24EV006895
8/6/2024 3:35 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

| | |
|---|---|
| LILLIAN A. BRITT,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC.; JOHN DOE(S) 1-3; and ABC CORPORATION,<br><br>Defendants. | CIVIL ACTION<br>FILE NO.: |

## COMPLAINT FOR DAMAGES

COMES NOW, LILLIAN A. BRITT ("Plaintiff"), who, by and through the undersigned, files this Complaint for damages against PUBLIX SUPER MARKETS, INC., and JOHN DOE(S) 1-3, and ABC CORPORATION, showing the Court the following:

## PARTIES AND JURISDICTION

1. Plaintiff is a resident of the State of Georgia and is subject to the jurisdiction and venue of this Court.

2. Defendant PUBLIX SUPER MARKETS, INC. is a corporation which was incorporated under the laws of the State of Georgia with its principal place of business located in the State of Georgia. It may be served with Complaint and Summons as provided by law by serving its registered agent, Corporate Creations Network Inc., at 2985 Gordy Parkway, 1st Floor, Marietta, GA, 30066.

3. Defendant, PUBLIX SUPER MARKETS, INC. has been properly served with process in this action.

4. Defendant, PUBLIX SUPER MARKETS, INC. has been timely served with process in this action.

5. At the time of the events giving rise to this action, Defendant PUBLIX SUPER MARKETS, INC. owned a business with a physical location was in Fulton County, Georgia, they transacted business in Fulton County, Georgia and committed tortious acts or omissions in Fulton County, Georgia.

6. At all times material hereto, Defendant PUBLIX SUPER MARKETS, INC. operated a store located at 3695 Cascade Road, Atlanta, Georgia 30331.

7. Defendant ABC Corporation is unknown and unidentified at this time. Defendant ABC Corporation is believed to have owned, managed, or controlled the premises where Plaintiff was injured as outlined below. The true name or capacity of Defendant ABC Corporation is presently unknown to Plaintiff. Upon ascertaining the name of this Defendant, Plaintiff will amend the Complaint to show its true name. Plaintiff alleges on information and belief that this Defendant may in some manner be responsible for the acts or omissions alleged herein.

8. Defendant John Doe 1 is unknown and unidentified at this time. John Doe 1 is believed to be an employee of Defendant PUBLIX SUPER MARKETS, INC. and/or Defendant ABC CORPORATION that owned, managed, or controlled

the premises where Plaintiff was injured as outlined below. The true name or capacity of Defendant John Doe 1 is presently unknown to Plaintiff. Upon ascertaining the name of this Defendant, Plaintiff will amend the Complaint to show their true name. Plaintiff alleges on information and belief that this Defendant may in some manner be responsible for the acts or omissions alleged herein.

9. Defendant John Doe 2 is unknown and unidentified at this time. John Doe 2 is believed to be an employee of Defendant PUBLIX SUPER MARKETS, INC. and/or Defendant ABC CORPORATION that owned, managed, or controlled the premises where Plaintiff was injured as outlined below. The true name or capacity of Defendant John Doe 2 is presently unknown to Plaintiff. Upon ascertaining the name of this Defendant, Plaintiff will amend the Complaint to show their true name. Plaintiff alleges on information and belief that this Defendant may in some manner be responsible for the acts or omissions alleged herein.

10. Defendant John Doe 3 is unknown and unidentified at this time. John Doe 3 is believed to be an employee of Defendant PUBLIX SUPER MARKETS, INC. and/or Defendant ABC CORPORATION that owned, managed, or controlled the premises where Plaintiff was injured as outlined below. The true name or capacity of Defendant John Doe 3 is presently unknown to Plaintiff. Upon ascertaining the name of this Defendant, Plaintiff will amend the Complaint to show

their true name. Plaintiff alleges on information and belief that this Defendant may in some manner be responsible for the acts or omissions alleged herein.

11. Venue is proper in Fulton County.

## STATEMENT OF FACTS

12. Plaintiff re-alleges and incorporates herein by reference paragraphs one through the preceding paragraph of this Complaint for Damages as if each paragraph were set forth herein *seriatim*.

13. On or about September 22, 2022, Plaintiff was a business invitee at the Defendant PUBLIX SUPER MARKETS, INC. and/or Defendant ABC CORPORATION's business, located at 3695 Cascade Road, Atlanta, Georgia 30331 (hereinafter "the Premises").

14. Upon information and belief, at all times material hereto, Defendants John Doe 1-3 were employees/agents of Defendant PUBLIX SUPER MARKETS, INC. and/or Defendant ABC CORPORATION's business and acting within the scope of their employment.

15. Unbeknownst to the Plaintiff and despite her exercise of ordinary care, there was a liquid substance on the floor which created a hazardous defective condition.

16. As a result of the Defendants failure to properly maintain the premises, Plaintiff slipped and fell on the Premises, resulting in significant personal injury for

which Defendant PUBLIX SUPER MARKETS, INC. and/or Defendant ABC CORPORATION are liable.

17. At all times material to this incident, there were no signs or other warnings displayed throughout the facilities within the Premises about the dangers inherently posed by the wet surface of the floors.

18. At all times material to this incident, Defendant PUBLIX SUPER MARKETS, INC. and/or Defendant ABC CORPORATION was and are still in sole control and possession of the Premises and appurtenances thereto.

19. At all times material to this incident, Defendant PUBLIX SUPER MARKETS, INC. had a duty to its invitees, including Plaintiff, to keep and maintain the Premises, including the flooring, in a reasonably safe condition for the use of such customers and potential customers.

20. Defendant PUBLIX SUPER MARKETS, INC. and/or Defendant ABC CORPORATION are negligent and breached this duty.

21. Plaintiff did not do anything to cause or contribute to her injuries.

**COUNT I - NEGLIGENCE OF DEFENDANTS**

22. Plaintiff re-alleges and incorporates herein by reference paragraphs one through the preceding paragraph of this Complaint for Damages as if each paragraph were set forth herein *seriatim*.

23. Under Georgia law, "where an owner or occupier of land, by express or implied invitation, induces or leads others to come upon her premises for any lawful purpose, he is liable in damages to such persons for injuries caused by her failure to exercise ordinary care in keeping the premises and approaches safe." O.C.G.A. § 51-3-1.

24. Defendants had a non-delegable duty to maintain safe premises for Plaintiff and they breached this duty.

25. Defendants had actual or constructive knowledge of this hazard on the floor before Plaintiff's fall.

26. At all times material, Defendants knew or should have known that many people, including customers and employees, traverse the Premises where the hazard existed and therefore presented a significant risk of slipping and falling to invitees.

27. At all times material, Defendants failed to erect any sign of other warning to invitees that they faced a risk of slipping and falling within the Premises, particularly when there was not a sign or painted warning to the defect.

28. Defendants breached their duties to the Plaintiff by failing to exercise proper, ordinary, and reasonable care in keeping the Premises safe, by failing to warn Plaintiff of known or discoverable dangers, and for willful or wanton acts.

29. Defendants were negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard, in failing to take adequate measures to protect invitees from hazards, failing to have a reasonable policy for inspecting its premises, failing to follow its policies for inspecting its premises, negligently failing to clean the Premises keeping it safe for invitees.

30. At all times material hereto, individuals responsible for inspecting, cleaning, and maintaining the area where Plaintiff fell were employed by and/or supervised by one or more of the Defendants and were acting within the scope of their employment.

31. Defendants are responsible for the conduct of these individuals under the doctrine of *respondeat superior*, agency or apparent agency.

32. Defendants were negligent in training its employees concerning inspects of the Premises, training for safety procedures on the Premises, ensuring the cleaning and maintaining of the Premises, and failing to supervise its employees to ensure appropriate policies and procedures were followed.

33. As a direct and proximate result of Defendants negligence and the unreasonable risk presented thereby, Plaintiff did in fact slip and fall due to the hazard within the Premises as a result of not expecting the hazard due to one or more of the Defendants failures to warn Plaintiff.

34. As a proximate and foreseeable result of the negligence of Defendants, Plaintiff sustained serious injuries, endured pain and suffering, mental anguish, and suffered other damages as will be proven at trial and permitted under Georgia law.

**COUNT II - INJURIES AND DAMAGES**

35. Plaintiff re-alleges and incorporates herein by reference paragraphs one through the preceding paragraph of this Complaint for Damages as if each paragraph were set forth herein *seriatim*.

36. As a direct and proximate result of the Defendants' negligence Plaintiff incurred and continues to incur damages for medical care and treatment.

37. As a direct and proximate result of the Defendants' negligence Plaintiff incurred lost wages.

38. Plaintiff has not fully recovered from her injuries and is expected to incur future medical expenses, which are a direct and proximate result of the Defendants' negligent actions.

39. As a direct and proximate result of the Defendants' negligence Plaintiff is entitled to recover for her past and future medical expenses from Defendants.

40. As a direct and proximate result of Defendants' negligence Plaintiff is entitled to recover for her past and future pain and suffering in amount determined by the enlightened conscience of an impartial jury.

**COUNT III - ATTORNEY'S FEES**

41. Plaintiff re-alleges and incorporates herein by reference paragraphs one through the preceding paragraph of this Complaint for Damages as if each paragraph were set forth herein, *seriatim*.

42. The Defendants' have acted in bad faith, has been stubbornly litigious and/or has cause Plaintiff unnecessary trouble and expense.

43. As a result of the Defendants' actions, Plaintiff is entitled to an award of attorney's fees pursuant to O.C.G.A § 13-6-11.

**WHEREFORE**, Plaintiff prays:

a) That summons of process be issued;

b) That the Plaintiff be awarded a judgment against the Defendants for all damages, including, but not limited to past, present and future medical expenses;

c) That the Plaintiff be awarded damages for all past, present, and future pain and suffering to be determined by the enlightened conscience of an impartial jury;

d) That Plaintiff be awarded attorney's fees pursuant to O.C.G.A. § 13-6-11;

e) That the Defendants be charged with all court costs attributable to this action and such other costs reasonably incurred in the prosecution and trial of this case;

f) That the Plaintiff be awarded such other relief as the Court may deem just and proper; and

g) That all issues be tried before a jury.

Respectfully submitted on August 6, 2024.

/s/ Joseph H. Roesch
Joseph H. Roesch, Esq.
Georgia Bar No.:848447
*Counsel for Plaintiff*

KELLER SWAN, PLLC
1917 Bull Street
Savannah, GA 31401
Phone: (912) 200-7066
Fax: (561) 766-7054
service@kellerswan.com
joseph@kellerswan.com
jennifer@kellerswan.com

State Court of Fulton County
**E-FILED**
24EV006895
8/6/2024 3:35 PM
Donald Talley, Clerk
Civil Division

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☑ State Court of FULTON County

**Plaintiff(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| BRITT | LILLIAN | A. | | |
| | | | | |
| | | | | |
| | | | | |

**Defendant(s)**

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|
| PUBLIX SUPER MARKETS, INC. | | | | |
| DOE(S) | JOHN 1-3 | | | |
| ABC CORPORATION | | | | |
| | | | | |

**Plaintiff's Attorney** JOSEPH H. ROESCH **Bar Number** 848447 **Self-Represented** ☐

**Check One Case Type in One Box**

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Dissolution/Divorce/Separate Maintenance
- ☐ Family Violence Petition
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

**Post-Judgment – Check One Case Type**

- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Modification
- ☐ Other/Administrative

☐ Check if the action is related to another action(s) pending or previously pending in this court involving some or all of the same parties, subject matter, or factual issues. If so, provide a case number for each.

_______________ Case Number    _______________ Case Number

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in O.C.G.A. § 9-11-7.1.

☐ Is an interpreter needed in this case? If so, provide the language(s) required. _______________ Language(s) Required

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

_______________

_______________

Version 1.1.18

State Court of Fulton County
**E-FILED**
24EV006895
8/6/2024 3:35 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY
STATE OF GEORGIA**

| | |
|---|---|
| LILLIAN A. BRITT,<br><br>Plaintiff,<br><br>v.<br><br>PUBLIX SUPER MARKETS, INC., JOHN DOE(S) 1-3; and ABC CORPORATION,<br><br>Defendants. | CIVIL ACTION<br>FILE NO.: |

**PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT, PUBLIX SUPER MARKETS, INC.**

COMES NOW, Plaintiff, and serves upon Defendant, PUBLIX SUPER MARKETS, INC., Plaintiff's First Interrogatories, to be answered under oath and within forty-five (45) days from service hereof in accordance with O.C.G.A. § 9-11-33.

These Interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time the answers are served and the time of trial. Any such supplemental answers are to be filed and served upon counsel for Plaintiff within thirty (30) days from the receipt of such information, but not later than the time of trial.

**DEFINITIONS**

When used in these Interrogatories, the term "Defendants," or any synonym thereof, is intended to and shall embrace servants, representatives, private investigators, and others who are in a position of or may have obtained information for or on behalf of Defendants.

As used in these Interrogatories, the following words and phrases have the meanings set forth below.

(1) "You" and "your" means and refers to Defendants, the Defendants to whom these interrogatories are directed, and includes your agents, employees, insurance company and their agents and employees, your attorneys, investigators and anyone else acting on your or their behalf.

(2) The term "document" means and includes all correspondence, writings, records, memoranda, drawings, graphs, charts, photographs, motion pictures, videotapes, videodisks, audiotapes or other sound recordings, books, ledgers, financial records, checks, drafts, receipts, forms prescribed by government agencies, computer tapes, computer disks, computer printouts, photocopies, microfilm, microfiche, and any other data, sound, or image compilation or recording from which information regarding the described transactions can be obtained, translated if necessary by respondent through appropriate and necessary devices into reasonably useable and intelligible form.

(3) "Person" includes any individual, corporation, partnership,

government, or business entity, and group of persons associated in fact although not a legal entity.

(4) "Identify" means the following:

(a) When used with respect to individuals, means to state the full name, address, telephone number, place of employment, job title and present whereabouts of such person;

(b) When used with respect to persons other than individuals, as the term "persons" is identified in (3) above, means to state the full name, address and telephone number of such "person" together with the name, address, telephone number and job title of the employee, agent, servant or representative of such "person" who has knowledge of the particular facts or possession, custody or control of the particular documents of which discovery is sought;

(c) When used with respect to documents, tangible objects, or other items of real or demonstrative evidence, means to list the items of which discovery is sought, describe them in specific detail (give an exhibit number for each if one has been assigned) and state the name, address and telephone number of the person who presently has possession, custody or control over each item of real or

documentary evidence listed; and

(d) When used with respect to facts, circumstances or information, means to give a concise summary of the nature and substance of the facts, circumstances or information of which discovery is sought.

**INTERROGATORIES**

1. Please state the name, address, occupation and employer of any and all persons who answer these Interrogatories or who have provided information used in compiling the answers to these Interrogatories.

2. Did Defendant conduct any inquiry, investigation, and/or risk management assessment of the subject incident? If so, please state the full name, address, occupation and employer of any and all persons who have investigated this incident for or on behalf of you, your attorneys, agents, insurance carrier, or any other entity and identify any documents generated as a result of said investigation.

3. Please state the full name, last known address, and job title of each and every employee employed by Defendant and working at said location on the date of the incident as alleged in the Complaint.

4. Please state the full name, last known address, job title, and employer of any and all persons known to have any information concerning the incident alleged in Plaintiff's Complaint.

5. Have you, your agents, investigators, attorneys or anyone acting on your behalf obtained any kind of written, recorded, or other type of statement from the Plaintiff or any other persons identified in your Interrogatory answers? If so, please identify each statement by date, identity of the person giving the statement, and name of the current custodian of each statement.

6. To your information or belief, has there been any surveillance or taking of photographs of any party? If so, identify all persons who now have or have had custody and/or control of any records, tapes, films or other recordings of such

surveillance.

7. If the response to Interrogatory No. 6 is affirmative, identify each record, tape, film or other recording of such surveillance or any written document pertaining to such surveillance with sufficient particularity to satisfy a Request for Production of Documents.

8. Describe in detail how the incident took place, including all actions taken by the Defendant to prevent the incident.

9. If you contend that the Plaintiff acted in such a manner as to cause or contribute to the incident, give a concise statement of the facts upon which you rely in making said contention.

10. If you contend any third-party acted in such a manner as to cause or contribute to the incident, give a concise statement of the facts upon which you rely in making said contention.

11. Identify each insurance company, including liability carriers, excess carriers and umbrella coverages, which might be liable to satisfy all or part of any judgment which may be entered in this action, and for each insurer please state the following:

(a) Company name and address;

(b) Limits of liability coverage;

(c) Policy number;

(d) Name of insured; and

(e) Any coverage defenses raised by the insurer

12. Pursuant to the provisions of O.C.G.A. §9-11-26(b)(4)(A)(i), Defendant is requested to identify each person whom Defendant expects to call as an expert witness at trial, state the subject matter on which such expert is expected to testify, and state the substance of the facts and opinions to which the expert is expected to testify and the summary of the grounds of each opinion.

13. Please state the frequency of inspections of the area of the subject incident for the twenty- four (24) hours prior to the subject incident and identify the persons responsible for said inspections.

14. Please state the frequency of inspections of the area of the subject incident for the twenty- four (24) hours after the subject incident and identify the persons responsible for said inspections.

15. Please all maintenance and/or repairs made to the area of the subject incident for the ten (10) years prior the subject incident and identify the persons who completed said maintenance and/or repairs.

16. Is the name of the Defendant stated properly in the Plaintiff's Complaint? If not, please identify the proper entity as well as provide a history of any name changes for said entity.

17. Please state whether or not the subject has experienced any other slip and fall incidents on any portion of their property resulting in customer injuries in the ten (10) years prior to the subject incident.

18. If your answer to Interrogatory 15 is yes, please list the name, address, and telephone number for each and every individual involved in said incidents and describe the status of the individual and a general description of the incident itself. If you object to this interrogatory on grounds that it is unduly burdensome or oppressive, please substantiate the objection with evidence of the number of incidents responsive to this request.

19. Please identify any and all lawsuits filed against Defendant as a result of slip and fall Incidents for the past ten (10) years. This should include the case style, the date of filing, and the Court in which said lawsuit was filed.

20. Were any photographs, motion pictures, drawings, charts, diagrams, videos, or other visual depictions taken and/or produced of the scene of the incident or of the persons and/or premises where the incident occurred? If so, please state the date or dates on which such photographs, motion pictures, drawings, charts, diagrams or other visual depictions were taken/drafted/produced, the subject thereof, the identity of the person taking/drafting/producing them, and the present custodian of any and all such visual depictions?

21. Did you identify any violations of your policies or procedures, contractual provisions, statutes, regulations, laws, industry standards and/or any other standards as a result of your review and investigation of the subject incident? If so, please identify all persons involved in such investigation and/or review and state in specific detail the nature of the violations and the persons who committed said violations.

Respectfully submitted on August 6, 2024.

/s/ Joseph H. Roesch
Joseph H. Roesch, Esq.
Georgia Bar No.:848447
*Counsel for Plaintiff*

KELLER SWAN, PLLC
1917 Bull Street
Savannah, GA 31401
Phone: (912) 200-7066
Fax: (561) 766-7054
service@kellerswan.com
joseph@kellerswan.com
jennifer@kellerswan.com

## CERTIFICATE OF SERVICE

This is to certify that I have served all parties listed below with the attached ***Plaintiff's First Interrogatories to Defendant, Publix Super Markets, Inc.*** by forwarding a copy along for service with the summons and complaint.

Respectfully submitted on August 6, 2024.

/s/ Joseph H. Roesch
Joseph H. Roesch, Esq.
Georgia Bar No.:848447
*Counsel for Plaintiff*

KELLER SWAN, PLLC
1917 Bull Street
Savannah, GA 31401
Phone: (912) 200-7066
Fax: (561) 766-7054
service@kellerswan.com
joseph@kellerswan.com
jennifer@kellerswan.com

State Court of Fulton County
**E-FILED**
24EV006895
8/6/2024 3:35 PM
Donald Talley, Clerk
Civil Division

**IN THE STATE COURT OF FULTON COUNTY**
**STATE OF GEORGIA**

LILLIAN A. BRITT,

Plaintiff,

v.

PUBLIX SUPER MARKETS, INC., JOHN DOE(S) 1-3; and ABC CORPORATION,

Defendants.

CIVIL ACTION
FILE NO.:

**PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT, PUBLIX SUPER MARKETS, INC.**

Plaintiff in the above-captioned case hereby requests Defendant to produce and permit Plaintiff, or someone acting on Plaintiff's behalf, to inspect and copy the following designated documents *(including writings, drawings, graphs, charts, photographs, and other data compilations from which information can be obtained or translated, if necessary, by the respondent through detection devices into a reasonably usable form)* or to inspect and copy, test or sample any of the following designated tangible things, which constitute or contain matters within the scope of Rule 26(b) of the Georgia Civil Practice Act, O.C.G.A. §9-11-26(b), and which are in the possession, custody, or control of the party on whom these requests are served.

The production of documents and things herein below designated shall be made

within forty-five (45) days from the date of service as provided by O.C.G.A. §9-11-34.

Should any document or thing herein requested come into existence or become known to you or your attorney subsequent to your receipt of this request or subsequent to the inspection or other means of producing said documents or things herein below requested, this request shall be deemed to be continuing in nature.

**DEFINITIONS**

These discovery requests are intended to cover all information and documents in your possession or control, or subject to your control, wherever located.

The term “person[s]" means any natural person, firm, partnership, joint venture, corporation, or any judicial person, or any other legal entity.

The words “document” and “documents” mean all written, recorded, or graphic matters, however produced or reproduced, whether or not privileged, pertaining in any way to the subject matter of this action. This definition includes, but is not limited to, any and all originals, copies, or drafts of any and all of the following: records, notes, summaries, schedules, contracts or agreements, drawings, sketches, invoices, orders or acknowledgments, diaries, reports, memoranda of telephone or in person conversations by or with any person, or any other memoranda, letters, telegrams, telexes or cables prepared, drafted, received or sent,

tapes, transcripts or recordings, photographs, pictures or films, computer programs or data or other graphic, symbolic recorded or written materials of any nature whatsoever. Any document which contains any comment, notation, addition, insertion, or marking of any kind that is not of another document is to be considered a separate document.

The words "concern," "concerns," or "concerning" include but are not necessarily limited to, containing, referring to, relating to, connected with, about, regarding, mentioning, discussing or describing.

You must make a diligent search of your records and of other papers and materials in your possession or available to you or your representatives. If any requested document cannot be produced in full, produce it to the extent possible, specifying the document or portion of documents being withheld and the reason the document is being withheld.

You are requested to indicate which documents are produced in response to each numbered request.

If you claim that the attorney-client privilege or any other privilege is applicable to any request, the substance of that event or information or document need not be disclosed in your answers, but you shall with respect to that document:

a) State the date of the event or document;

b) Identify each and every participant in the event or author of the document;

c) Identify each and every other person who participated in the event or prepared or participated in the preparation of the document;

d) Identify each and every person who received the document;

e) Identify each and every person from whom the document was received.

f) State the present location of the document and all copies thereof.

g) Identify each and every person having custody or control of the document and all copies thereof; and

h) Provide sufficient further information concerning the event, information or document and the circumstances thereof to explain the claim or privilege and to permit the adjudication of the propriety of that claim.

You are required to furnish all information that is available to you or subject to your reasonable inquiry, including information in the possession of your agents, attorneys, accountants, advisors or other persons directly or indirectly employed by or in connection with, you or your attorneys, and anyone else otherwise subject to your control.

The term "knowledge" means first-hand information and/or information derived from any other source including hearsay knowledge.

The term "communication[s]" means all communications of any nature whatsoever, whether oral or in writing.

The term “gender” shall include the male as well as the female, and the singular

pronoun shall include the plural.

Each of the following requests is continuing in nature. In the event that Defendant, at any later date, shall obtain any fact, make any assumption or contention, reach any conclusion or opinions different from or supplementary to those set forth in the answers to these requests, then in such event Defendant should amend said answers promptly and sufficiently prior to trial or test, fully setting forth such information.

In answering these Requests you are advised of the following definitions: the words "SUBJECT INCIDENT," "SUBJECT ACCIDENT," "ACCIDENT," "SLIP AND FALL" and "FALL" shall be deemed to mean the slip and fall incident alleged in the Plaintiff's complaint that occurred on or about September 22, 2022.

**DOCUMENTS REQUESTED**

1. Any and all statements made by any witnesses to the subject incident.
2. A true and correct copy of any and all statements made by the Plaintiff pertaining to or concerning the subject incident.
3. Digital copies of any and all photographs of the area where the subject incident took place.
4. Digital copies of any and all videos or photographs taken of the Plaintiff at any time.

5. All store security videos from the entire date of the subject incident, to include both the interior and exterior security cameras of the building.
6. A layout of the subject parking lot to include the location of all active security cameras.
7. A blank copy of the Incident and/or Accident Report in use on the date of the subject incident.
8. The original, completed Incident and/or Accident Report for the subject incident.
9. A true and correct copy of any and all documents that show the names, job duties, time, and hours worked for all staff on duty on the date of the subject incident.
10. Please produce, as hereinabove requested, any and all reports, whether written or otherwise recorded, made by any expert or experts who have been retained or otherwise employed by Defendant in anticipation of litigation or preparation for trial in this action.
11. A true and correct copy of any and all time sheets, clock cards, or any other documents showing the hours and time worked by any employees for one (1) week prior to the subject incident and one (1) week subsequent to the subject incident.
12. All personnel files for any employees with knowledge of the subject incident

and/or facts related to the incident. This request is not intended to disclose any confidential and/or private information and should exclude any and all social security numbers, payroll information, and personal addresses. This request only seeks all training documentation, disciplinary information, and job applications and/or resumes contained within the requested personnel files.

13. All personnel files for any employees with knowledge of and/or involvement in the investigation of the subject incident.

14. All personnel files for any loss prevention and/or asset protection employees with knowledge of the subject incident and/or investigation.

15. All personnel files for any employees with knowledge of the store security camera system in place at the time of the incident.

16. A true and correct copy of any documents related to any disciplinary action taken as a result of the subject incident.

17. A true and correct copy of any and all employee handbooks and/or manuals provided to Defendant's employees prior to the subject incident.

18. A true and correct copy of any and all policies, procedures, training materials, training modules, correspondence, memoranda, notices, bulletins, computer based training, videos, and/or any other documents disseminated to Defendant's employees related to the inspection of the Defendant's

premises and floors for dangerous conditions, the maintenance and/or cleaning of the floors, customer safety precautions, and any other safety topics in effect at the subject premises at the time of the subject incident.

19. A true and correct copy of any and all policies, procedures, training materials, training modules, correspondence, memoranda, notices, bulletins, computer based training, videos, and/or any other documents pertaining to accident investigation, accident reporting, loss prevention and/or risk management in effect at the time of the subject incident.

20. A true and correct copy of any and all policies, procedures, training materials, training modules, correspondence, memoranda, notices, bulletins, computer based training, videos, and/or any other documents pertaining to the operation, maintenance, review, repair, and preservation of the store security footage on the date of the subject incident.

21. A true and correct copy of any and all documents relating to inspections, maintenance, and/or store cleanings that may have been done on the date of the date of the subject incident for the area of the Plaintiff's fall.

22. A true and correct copy of any and all inspection sheets/and or other documents for inspections of the subject parking lot one (1) year prior to the subject incident.

23. A true and correct copy of any and all contracts and agreements with any

entity used by Defendant with any responsibilities for inspecting and/or cleaning and/or maintaining and/or repairing Defendant's premises for dangerous conditions or for training your employees about such.

24. A true and correct copy of any and all documents evincing the job responsibilities, duties, and/or description for any employees responsible for investigating or maintaining the area of the subject incident.

25. A true and correct copy of any and all documents evincing the job responsibilities, duties, and/or description for any employees involved in the investigation of the subject incident.

26. Any and all documents you rely on in alleging that any third party may be liable and/or responsible for the subject incident in any way.

27. Any and all documents related to any prior similar incidents at the subject location for the five years prior to the subject incident. This should include any and all incident reports created in the normal course of business.

28. Any and all documents related to any prior workers compensation claims involving falls at the subject location for the five (5) years prior to the subject incident.

29. Minutes of any and all safety meetings for the year preceding the subject incident.

30. Minutes of any and all safety meetings for the year following the subject

incident.

31. A true and correct copy of any and all studies, articles, memos, briefings, correspondence, and/or any other documents related to the risks and/or hazards of slips, trips, and/or falls in your custody or control before the date of the subject incident.

32. All insurance declaration pages and insurance policies, including all addendums, endorsements, exclusions and riders, available for the losses sustained in this case (including self-insured retention, liability, excess, umbrella, excess umbrella or any other form of secondary coverage) and all reservation of rights letters sent by any insurer.

33. A true and correct copy of any and all correspondence sent or received related to the subject incident.

34. Any and all surveillance video and/or photographs made of the Plaintiff at any time following the subject incident.

35. The table of contents of any manuals, handbooks, memoranda, database, or other documents not previously produced above.

36. As to any employees identified in your answers to interrogatories or responses to this request for production of documents, please produce any statements, affidavits, depositions, transcripts or other testimony previously given at any time in any civil matter related to their employment with the

Defendant.

37. A true and correct copy of any and all industry standards (ANSI, OHSA, etc.) relied upon by the Defendant in developing and/or creating any of the training materials, modules, learning programs, policies, procedures, or other document responsive to any of the Requests for Production or Interrogatories in this matter.

38. Please produce all photos, video and postings of or concerning the Plaintiff that have been obtained from the internet, including without limitation websites such as Facebook, Instagram, Twitter, LinkedIn.

Respectfully submitted on August 6, 2024.

/s/ Joseph H. Roesch
Joseph H. Roesch, Esq.
Georgia Bar No.:848447
*Counsel for Plaintiff*

KELLER SWAN, PLLC
1917 Bull Street
Savannah, GA 31401
Phone: (912) 200-7066
Fax: (561) 766-7054
service@kellerswan.com
joseph@kellerswan.com
jennifer@kellerswan.com

## CERTIFICATE OF SERVICE

This is to certify that I have served all parties listed below with the attached ***Plaintiff's First Request for Production of Documents to Defendant, Publix Super Markets, Inc.*** by forwarding a copy along for service with the summons and complaint.

Respectfully submitted on August 6, 2024.

/s/ Joseph H. Roesch
Joseph H. Roesch, Esq.
Georgia Bar No.: 848447
*Counsel for Plaintiff*

KELLER SWAN, PLLC
1917 Bull Street
Savannah, GA 31401
Phone: (912) 200-7066
Fax: (561) 766-7054
service@kellerswan.com
joseph@kellerswan.com
jennifer@kellerswan.com

AUG 1[illegible] 2024